IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

ELECTRONICALLY FILED
Sep 23 2022
U.S. DISTRICT COURT
Northern District of WV

**KOLBY M. FAKOUREY, and his wife,
BRITTANY FAKOUREY,**

      **Plaintiffs,**

v.

Civil Action No. **5:22-CV-233**
Judge **Bailey**

**HYBRID DRILLING, INC., an Oklahoma
Corporation; SWN PRODUCTION
COMPANY, LLC, a Texas Corporation;
SOUTHWESTERN ENERGY COMPANY,
a Texas Corporation; and WAYNE'S WIRE
ROPE, LLC, an Ohio Corporation,**

      **Defendants.**

## COMPLAINT

For their Complaint, the Plaintiffs, Kolby M. Fakourey, and his wife, Brittany Fakourey, state as follows:

## PARTIES

1. The Plaintiffs, Kolby M. Fakourey and Brittany Fakourey, are residents of Branchland, Lincoln County, West Virginia.

2. The Defendant, Hybrid Drilling, Inc. ("Hybrid Drilling) is an Oklahoma corporation based out of Woodward, OK. Hybrid Drilling is an oil and natural gas company who operated the subject rig in Cameron, Marshall County, West Virginia on September 26, 2020.

3. The Defendants, SWN Production Company, LLC, and Southwestern Energy Company ("Southwestern Energy" Defendants) are Texas oil and gas corporations, who conducts oil and natural gas exploration in West Virginia, including Marshall County, West Virginia.

4. The Defendant, Wayne's Wire Rope, LLC is an Ohio corporation based out of Cambridge, Ohio, who operates as a wire rope and wireline sales and installation company for oil and gas companies operating in West Virginia. Upon information and belief, Wayne's Wire Rope, LLC installed the subject wire rope and performed work on the subject rig in which Plaintiff Kolby Fakourey was injured.

**Jurisdiction and Venue**

5. This Court has original jurisdiction pursuant to 28 U.S.C. 1332 in that the amount in controversy exceeds $75,000.00, exclusive of costs and interests, and involves citizens of different States.

6. Venue is proper in the United States District Court for the Northern District of West Virginia pursuant to 29 U.S.C. 1391(a) as a substantial portion of the events giving rise to the claims herein took place in Marshall County, West Virginia, which is within the judicial district of this Court.

**FACTS**

7. Upon information and belief, Defendants SWN Production Company, LLC and Southwestern Energy Company were the owner of and operator of the subject well site in Cameron, Marshall County, West Virginia.

8. Upon information and belief, Defendants SWN Production Company, LLC and Southwestern Energy Company hired Hybrid Drilling to perform well overwork and snubbing on the subject well site in Marshall County, West Virginia on September 26, 2020.

9. Upon information and belief, Defendant Hybrid Drilling was the owner and operator of the subject natural gas rig on which Kolby Fakourey was traumatically injured on September 26, 2020.

10. Upon information and belief, Defendant Wayne's Wire Rope, LLC, installed the wire rope on the rig, and performed work on the rig and rope prior to its use on September 26, 2020.

11. On or about September 26, 2020, plaintiff Kolby Fakourey, a Hybrid Drilling employee, was working on Rig 173, located on the Southwestern Energy Defendant's well site, when the subject wire rope catastrophically failed, causing a block to fall and strike the platform where Mr. Fakourey was located, causing him to fall approximately 30-40 feet and suffering traumatic and catastrophic injuries.

**Count I - Deliberate Intent Against Hybrid Drilling, Inc. - Violations of *W.Va. Code* § 23-4-2(d)(2)(A)**

12. The Plaintiffs repeats and realleges the allegations contained in paragraphs 1 through 11 of this Complaint as if set forth fully herein.

13. On September 26, 2020, Defendant Hybrid Drilling, as well as their supervisory employees/agents, failed to provide a safe and suitable work environment, and failed to comply with regulatory requirements, state/federal statutes and regulations, consensus industry standards and to establish best safe practices at the subject well site, and acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury to Plaintiff Kolby Fakourey on September 26, 2020.

14. On September 26, 2020, Defendant Hybrid Drilling, through their supervisory and managerial employees specifically failed to conduct mandatory inspections on the wire rope and rig to ensure that it could be operated in a safe manner.

15. Upon information and belief, Hybrid Drilling specifically and consciously intended to utilize a wire rope that had never been properly inspected, and documented as being inspected,

prior to September 26, 2020. Additionally, Hybrid Drilling specifically and consciously intended to use this wire rope despite not confirming its pre-operation condition and that the length of this rope matched the length noted on its wire spool.

16. Upon information and belief, Hybrid Drilling specifically and consciously intended to use this wire rope on the subject rig without validating that it was properly installed on their rig. Hybrid Drilling specifically and consciously intended to use this wire rope on this rig, despite the fact that the sheaves and grooves were an improper size and were not properly set, and were not in proper specifications for the subject rig.

17. Upon information and belief, Hybrid Drilling specifically and consciously intended to disregard its own safety protocols, regulatory requirements, state/federal statutes and regulations, consensus industry standards and established best safe practices, and specifically and consciously intended to not document mandatory examination and inspection information prior to use of this rig.

18. Upon information and belief, Hybrid Drilling specifically and consciously intended to have the only qualified person with demonstrable core competencies and experience not perform mandatory inspections of both the subject wire rope and rig, and assigned and scheduled this qualified person to be at an offsite location on September 26, 2020.

19. Despite the existence of the specific unsafe hazardous conditions existing for the subject wire rope, the rig, and rig components, Defendant Hybrid Drilling nonetheless exposed Plaintiff Kolby Fakourey to these specific unsafe conditions, which were the proximate cause of his injuries.

20. Pursuant to *W.Va. Code* § 23-4-2, Kolby Fakourey serves with this Complaint a "verified statement" from Maurice J. Devine, a person with knowledge and expertise, who has

outlined the applicable workplace safety rules and/or regulations which were violated, as required by *W.Va. Code* § 23-4-2(d)(2)(c). Additionally, through the West Virginia Workers' Compensation system, Kolby Fakourey has received a 51% permanent partial disability and impairment rating, and as such, he has sustained a "serious compensable injury" as he has a total whole person impairment rating in excess of thirteen percent.

21. As a direct and proximate result of the deliberate intention of Defendant Hybrid Drilling, by and through its employees and/or agents, the subject wire rope failed, causing a block to fall and strike Plaintiff Fakourey's platform, causing him to fall approximately 30-40 feet, wherein he suffered traumatic and catastrophic injuries, including lacerations to his head/face, chipped teeth, periorbital edema, transverse fractures of his L1-L3 vertebrae, fracture of his right knee, hip and back injuries, post-traumatic stress disorder, hematomas of his left thigh and traumatic hematoma of his lower back, and other injuries, which resulted in a 51% permanent partial disability award and permanent impairment rating; Further, Mr. Fakourey has incurred medical expenses in the past; and will continue to incur medical expenses into the future. Mr. Fakourey has further endured major pain and suffering, both in the past and will continue to endure pain and suffering in the future; has sustained an impairment of the capacity to enjoy life, both past and future; has incurred lost wages and loss of earning capacity in the past, and will continue to do so in the future; and due to the nature and extent of his permanent condition, has suffered in the past and will suffer in the future humiliation and embarrassment; and Mr. Fakourey has in the past suffered annoyance, aggravation, mental anguish and will continue to do so in the future, and therefore seeks all damages allowed by law.

**Count II - Deliberate Intent Against Hybrid Drilling, Inc. ((*W.Va. Code* § 23-4-2(d)(2)(B))**

22. The Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 21 of this Complaint as if set forth fully herein.

23. On September 26, 2020, Defendant Hybrid Drilling, as well as their managerial and supervisory employees/agents, failed to provide a safe and suitable work environment, and failed to comply with regulatory requirements, state/federal statutes and regulations, consensus industry standards and established best safe practices at the subject well site, by allowing specific unsafe hazardous and dangerous conditions to exist which Defendant Hybrid Drilling knew existed on and before the incident giving rise to this lawsuit.

24. Prior to performing work on Rig 173 on September 26, 2020, Defendant Hybrid Drilling specifically and consciously intended for specific unsafe working conditions to exist with respect to the subject wire rope that broke/snapped, and the components of the rig itself, which were never set in proper specification including, but are not limited to, the following specific unsafe conditions:

   a. Hybrid Drilling failed to properly inspect and examine the subject wire rope, the rig, and components on the rig, before it was operated on September 26, 2020; and

   b. Hybrid Drilling allowed the wire rope to be operated in the rig in an unsafe manner, and failed to ensure that all components the wire rope would come into contact with, including but not limited to, the pulley, grooves, sheaves, drum, etc., were the appropriate size for the wire rope, would not damage the wire rope, and would not cause hang-ups/obstructions that impeded the true running and safe use of the wire rope. In particular, the subject wire rope was being pulled over too small of a diameter pulley, which put more stress on the wire rope and made it more likely to snap/break. Additionally, Hybrid Drilling failed to ensure that the wire rope was not rubbing on the tubing board and pad eyes on the rig, failed to ensure there were no hang-up points on the subject rig, and failed to ensure that sheaves/grooves were proper size, as they were not properly set and were not in proper specifications for the subject rig. These specific unsafe hazardous conditions lead to the subject wire rope snapping/breaking and striking the platform on which Mr. Fakourey was situated and sent him falling 30-40 feet to the ground.

25. Defendant Hybrid Drilling had actual knowledge prior to September 26, 2020 of the existence of these specific unsafe working conditions, and of the high degree of risk and strong probability of serious injury/death presented by these specific unsafe conditions. In particular, Hybrid Drilling had actual knowledge of these conditions as it intentionally, and deliberately failed to conduct inspections/assessments required by state/federal statutes, regulations, prevailing regulatory requirements, and consensus industry standards and established best safe practices, with such inspections/assessments intended to identify and correct each of the specific unsafe working conditions discussed herein.

26. Prior to performing work on September 26, 2020, Hybrid Drilling had a mandatory duty to properly inspect the subject wire rope for hazardous conditions. Despite having a mandatory duty to properly inspect the subject wire rope, no measurements were taken of the wire rope until after the accident.

27. Prior to performing work on September 26, 2020, Hybrid Drilling had a mandatory duty to inspect the rig itself, ensuring that the subject wire rope was properly installed, by properly examining that all components the wire rope would come into contact with, including but not limited to, the pulley, grooves, sheaves, drum, etc., were the appropriate size for the wire rope, would not damage the wire rope, and would not cause hang-ups/obstructions that impeded the true running and safe use of the wire rope. Such inspections did not occur as the specific hazardous conditions in the rig were not identified, nor corrected prior to use on September 26, 2020, as outlined above. For further information, the Plaintiffs also refer the Defendants to the Verified Statement of Maurice J. Devine, which is being served on the Defendants with the subject Complaint.

28. The specific unsafe working conditions cited above are violations of state/federal statutes, regulations, prevailing regulatory requirements, and consensus industry standards and established best safe practices, which include the following:

   a. 29 CFR 1926.1414 Wire Rope Installation and Selection Criteria

   b. 29 CFR 1903.1

   c. 29 CFR 1926.1412(d) Preshift examinations

   d. 29 CFR 1926.1412 (e) Monthly examinations

   e. 29 CFR 1926.1413 Wire Rope Inspection

   f. API Recommended Practice 54-Occupational Safety and Health for Oil and Gas Well Drilling and Servicing Operations, including, but not limited to Sections 6.10, 4.2, and 7.5.

   g. API Recommended Practice 9B-Application, Care, and Use of Wire Rope for Oil Field Service including, but not limited to Sections 3.7, 3.8, and 6.1.

   h. API Recommended Practice 8B- Recommended Practice for Procedures for Inspections, Maintenance, Repair, and Remanufacture of Hoisting Equipment including, but not limited to Section 5.3.

   i. ASME B30.30- Ropes- Safety Standard for Cableways, Cranes, Derricks, Hoists, Hooks, Jacks, and Slings including, but not limited to Section 30-1.7.

   j. International Drilling Association of Drilling Contractor- IADC Drilling Manual 12 Edition- Wire Ropes

As specific information related to the model and brand of the subject rig have yet to be provided, the Plaintiffs provide the above preliminary violations, and also assert a violation of 29 U.S.C.S. § 654.

29. Despite the existence of the specific unsafe hazardous conditions noted above, and Defendant Hybrid Drilling's knowledge through its management and supervisors, Hybrid Drilling nonetheless intentionally exposed Plaintiff Kolby Fakourey to these specific unsafe conditions, which were the proximate cause of his injuries.

30. Pursuant to *W.Va. Code* § 23-4-2, Kolby Fakourey serves with this Complaint a "verified statement" from Maurice J. Devine, a person with knowledge and expertise, who has outlined the applicable workplace safety rules and/or regulations which were violated, as required by *W.Va. Code* § 23-4-2(d)(2)(c). Additionally, through the West Virginia Workers' Compensation system, Kolby Fakourey has received a 51% permanent partial disability and impairment rating, and as such, he has sustained a "serious compensable injury" as he has a total whole person impairment rating in excess of thirteen percent.

31. As a direct and proximate result of the deliberate intention of Defendant Hybrid Drilling, by and through its employees and/or agents, the subject wire rope failed, causing a block to fall and strike Plaintiff Fakourey's platform, causing him to fall approximately 30-40 feet, wherein he suffered traumatic and catastrophic injuries, including lacerations to his head/face, chipped teeth, periorbital edema, transverse fractures of his L1-L3 vertebrae, fracture of his right knee, hip and back injuries, post-traumatic stress disorder, hematomas of his left thigh and traumatic hematoma of his lower back, and other injuries, which resulted in a 51% permanent partial disability award and permanent impairment rating. Further, Mr. Fakourey has incurred medical expenses in the past; and will continue to incur medical expenses into the future. Mr. Fakourey has further endured major pain and suffering, both in the past and will continue to endure pain and suffering in the future; has sustained an impairment of the capacity to enjoy life, both past and future; has incurred lost wages and loss of earning capacity in the past, and will continue

to do so in the future; and due to the nature and extent of his permanent condition, has suffered in the past and will suffer in the future humiliation and embarrassment; and Mr. Fakourey has in the past suffered annoyance, aggravation, mental anguish and will continue to do so in the future, and therefore seeks all damages allowed by law.

### Count III - Negligence against SWN Production Company, LLC and Southwestern Energy Company

32. The Plaintiffs hereby repeat and reallege the allegations contained in paragraphs 1 through 31 of this Complaint as if set forth fully herein.

33. On September 26, 2020, the Southwestern Energy Defendants were the owner and operator of the subject well site, wherein they maintained and controlled the subject well site in Cameron, Marshall County, West Virginia.

34. Upon information and belief, the Southwestern Energy Defendants exercised general control of the well site, and were responsible for enforcement of safety regulations at the well site.

35. As owner of the well site, the Southwestern Energy Defendants owed a duty to workers, contractors, and invitees on the jobsite, including Plaintiff Kolby Fakourey, to provide a safe workplace and jobsite, and a duty to keep and maintain the jobsite and workplace in a safe condition pursuant to *W.Va. Code* § 21-3-1, West Virginia common law, and in accordance with 29 U.S.C.S. § 654.

36. At all times relevant hereto, the Southwestern Energy Defendants had a duty to conduct reasonable inspections of the work site, operations, and equipment, including but not limited to, the rig and its components in order to ensure the safety of the jobsite.

37. The Southwestern Energy Defendants breached their duty to maintain the jobsite and well site in a reasonably safe condition, in that they allowed dangerous conditions in the subject rig and wire rope to remain uncorrected, which caused the traumatic and catastrophic failure of the subject wire rope, which include, but are not limited to: not ensuring that mandatory safety inspections were being performed on the rig on the well site, and not ensuring that the subject wire rope was properly installed, that all components the wire rope would come into contact with were properly installed and suitable sizes for the subject wire rope, and not ensuring the operation of the subject rig would not damage the wire rope and would not cause hang-ups/obstructions that impeded the true running and safe use of the wire rope.

38. The Southwestern Energy Defendants knew, or in the existence of reasonable care should have known, of the existence of such conditions and of the dangerous and unsafe nature thereof, and were negligent, careless, and reckless in their failure to adhere to their duties outlined above, by allowing an unsafe rig with unsafe hazardous conditions to operate on the subject well site, and failed to ensure that mandatory safety inspections were being performed on the wire rope, rig, and rig components. Furthermore, the Southwestern Energy Defendants failed to ensure the worksite and equipment were safe, and failed to correct the unsafe working conditions, and failed to stop work due to these unsafe working conditions.

39. As a direct and proximate result of the negligence and carelessness of the Southwestern Defendants, by and through its employees and/or agents, the subject wire rope failed, causing a block to fall and strike Plaintiff Fakourey's platform, causing him to fall approximately 30-40 feet, wherein he suffered traumatic and catastrophic injuries, including lacerations to his head/face, chipped teeth, periorbital edema, transverse fractures of his L1-L3 vertebrae, fracture of his right knee, hip and back injuries, post-traumatic stress disorder, hematomas of his left thigh

and traumatic hematoma of his lower back, and other injuries, which resulted in a 51% permanent partial disability award and permanent impairment rating;  Further, Mr. Fakourey has incurred medical expenses in the past; and will continue to incur medical expenses into the future. Mr. Fakourey has further endured major pain and suffering, both in the past and will continue to endure pain and suffering in the future; has sustained an impairment of the capacity to enjoy life, both past and future; has incurred lost wages and loss of earning capacity in the past, and will continue to do so in the future; and due to the nature and extent of his permanent condition, has suffered in the past and will suffer in the future humiliation and embarrassment; and Mr. Fakourey has in the past suffered annoyance, aggravation, mental anguish and will continue to do so in the future, and therefore seeks all damages allowed by law.

## Count IV - Negligence Against Hybrid Drilling, Inc.

40. The Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 39 of this Complaint as if set forth fully herein.

41. While Defendant Hybrid Drilling was Kolby Fakourey's employer and the Plaintiffs have asserted a deliberate intent claim against Hybrid Drilling, the Plaintiffs believe that Hybrid Drilling's actions along that of the workers' compensation carrier during the underlying workers' compensation claim result in a waiver of liability immunities for negligence against Hybrid Drilling.

42. Under *W.Va. Code* § 23-1-1, the West Virginia Legislature indicated that their intent in limiting injured employees' rights to pursue claims for damages over and above the medical and health care benefits and wage loss benefits under workers' compensation were that the workers' compensation chapter was to be "interpreted so as to assure the quick and efficient

delivery of indemnity and medical payments to injured workers at a reasonable cost to the employers[.]"

43. *W.Va. Code* § 23-4-2 provides that "all private carriers and self-insured employers or their agents, shall disburse and pay for personal injuries to the employees who are entitled to the benefits under this chapter" for "[s]ums for health care services, rehabilitation services, durable medical and other goods and other supplies and medically related items as may be reasonably required."

44. As a result of his injuries from this workplace injury, Kolby Fakourey has received medical treatment, a significant portion of which was by the workers' compensation carrier. However, at least three medical bills specifically incurred due to this workplace accident, were not promptly paid by Hybrid Drilling, or its workers' compensation carrier.

Instead of paying the bills for this medically necessary treatment, both Hybrid Drilling and its workers' compensation carrier instead elected to allow these medical bills to go into collections and/or be placed with debt collectors, harming the Plaintiffs as these workers' compensation related medical bills have appeared as debt collections on Kolby Fakourey's credit report.

45. As Hybrid Drilling and its workers' compensation carrier refused to pay for at least three bills, all of which arose from this workplace accident, and which were medically necessary to treat these workplace injuries, the Plaintiffs believe Hybrid Drilling has failed to comply with its requirements under Chapter 23 of West Virginia Code, as it relates to West Virginia workers' compensation regulations.

46. Accordingly, the Plaintiff's also assert a negligence claim against Hybrid Drilling, as follows:

47. Hybrid Drilling had a duty to its employees, including Kolby Fakourey, to provide a safe workplace and jobsite, and a duty to keep and maintain the jobsite and workplace in a safe condition pursuant to *W.Va. Code* § 21-3-1 and West Virginia common law, and in accordance with 29 U.S.C.S. § 654.

48. Prior to performing work on Rig 173 on September 26, 2020, Hybrid Drilling had a mandatory duty to properly inspect the subject wire rope for hazardous conditions.

Additionally, prior to performing work on September 26, 2020, Hybrid Drilling had a mandatory duty to inspect the rig itself, ensuring that the subject wire rope was properly installed, by properly examining that all components the wire rope would come into contact with, including but not limited to, the pulley, grooves, sheaves, drum, etc., were the appropriate size for the wire rope, would not damage the wire rope, and would not cause hang-ups/obstructions that impeded the true running and safe use of the wire rope.

49. Hybrid Drilling breached its duty to provide a safe workplace to Kolby Fakourey in that it failed to properly inspect and examine the subject wire rope, the rig, and components on the rig, before it was operated on September 26, 2020.

Hybrid Drilling was further negligent in that breached its duty to Kolby Fakourey and other workers in that it allowed the wire rope to be operated in the rig in an unsafe manner, failed to ensure that all components the wire rope would come into contact with, including but not limited to, the pulley, grooves, sheaves, drum, etc., were the appropriate size for the wire rope, would not damage the wire rope, and would not cause hang-ups/obstructions that impeded the true running and safe use of the wire rope. In particular, the subject wire rope was being pulled over too small of a diameter pulley, which put more stress on the wire rope and made it more likely to snap/break. Additionally, Hybrid Drilling failed to ensure that the wire rope was not rubbing on the tubing

board and pad eyes on the rig, failed to ensure there were no hang-up points on the subject rig, and failed to ensure that sheaves/grooves were proper size, as they were not properly set and were not in proper specifications for the subject rig.

50. Hybrid Drilling knew, or in the existence of reasonable care should have known, of the existence of hazardous conditions related to the wire rope and rig, and of the dangerous and unsafe nature thereof, and was negligent, careless, and reckless in it's failure to adhere to their duties outlined above.

51. As a direct and proximate result of the negligence and carelessness of Hybrid Drilling, by and through its employees and/or agents, the subject wire rope failed, causing a block to fall and strike Plaintiff Fakourey's platform, causing him to fall approximately 30-40 feet, wherein he suffered traumatic and catastrophic injuries, including lacerations to his head/face, chipped teeth, periorbital edema, transverse fractures of his L1-L3 vertebrae, fracture of his right knee, hip and back injuries, post-traumatic stress disorder, hematomas of his left thigh and traumatic hematoma of his lower back, and other injuries, which resulted in a 51% permanent partial disability award and permanent impairment rating; Further, Mr. Fakourey has incurred medical expenses in the past; and will continue to incur medical expenses into the future. Mr. Fakourey has further endured major pain and suffering, both in the past and will continue to endure pain and suffering in the future; has sustained an impairment of the capacity to enjoy life, both past and future; has incurred lost wages and loss of earning capacity in the past, and will continue to do so in the future; and due to the nature and extent of his permanent condition, has suffered in the past and will suffer in the future humiliation and embarrassment; and Mr. Fakourey has in the past suffered annoyance, aggravation, mental anguish and will continue to do so in the future, and therefore seeks all damages allowed by law.

## Count V - Negligence against Wayne's Wire Rope, LLC

52.     The Plaintiffs reallege paragraphs 1 through 51 above, as though fully set forth herein, and further allege as follows:

53.     Upon information and belief, prior to September 26, 2020, Defendant Wayne's Wire Rope, LLC installed the subject wire rope on the rig in question, which was to be utilized by Defendant Hybrid Drilling on the Cameron, Marshall County, West Virginia well site.

54.     Upon information and belief, prior to September 26, 2020, Defendant Wayne's Wire Rope, LLC performed testing on the subject wire rope, and on the subject rig in Cameron, Marshall County, West Virginia.

55.     Upon information and belief, Wayne's Wire Rope, LLC, had a duty to properly install the subject wire rope by properly examining that all components the wire rope would come into contact with, including but not limited to, the pulley, grooves, sheaves, drum, etc., were the appropriate size for the wire rope, would not damage the wire rope, and would not cause hang-ups/obstructions that impeded the true running and safe use of the wire rope.

56.     Upon information and belief, Wayne's Wire Rope, LLC was negligent in that it performed operational testing of the wire rope on Hybrid Drilling's rig, but failed to correct hazardous conditions related to the wire rope and rig, including, but not limited to:

Wayne's Wire Rope, LLC was negligent in that it breached its duties to Hybrid Drilling and its workers in that Wayne's Wire Rope, LLC failed to identify that the subject wire rope was being pulled over too small of a diameter pulley, which put more stress on the wire rope and made it more likely to snap/break. Wayne's Wire Rope, LLC was further negligent in that it failed to ensure that the wire rope was not rubbing on the tubing board and pad eyes on the rig, failed to ensure there were no hang-up points on the subject rig, and failed to ensure that sheaves/grooves

16

were proper size, as they were properly set and were not in proper specifications for the subject rig.

57.     Wayne's Wire Rope, LLC knew, or in the existence of reasonable care should have known, of the existence of hazardous conditions related to the wire rope and rig, and of the dangerous and unsafe nature thereof, and was negligent, careless, and reckless in its failure to adhere to their duties outlined above, by allowing an unsafe rig with unsafe hazardous conditions to operate on the subject well site, and failed to identify such hazardous conditions during its operational testing of the rope. Furthermore, Wayne's Wire Rope, LLC failed to ensure the equipment was safe.

58.     As a direct and proximate result of the negligence and carelessness of Wayne's Wire Rope, LLC, by and through its employees and/or agents, the subject wire rope failed, causing a block to fall and strike Plaintiff Fakourey's platform, causing him to fall approximately 30-40 feet, wherein he suffered traumatic and catastrophic injuries, including lacerations to his head/face, chipped teeth, periorbital edema, transverse fractures of his L1-L3 vertebrae, fracture of his right knee, hip and back injuries, post-traumatic stress disorder, hematomas of his left thigh and traumatic hematoma of his lower back, and other injuries, which resulted in a 51% permanent partial disability award and permanent impairment rating;  Further, Mr. Fakourey has incurred medical expenses in the past; and will continue to incur medical expenses into the future. Mr. Fakourey has further endured major pain and suffering, both in the past and will continue to endure pain and suffering in the future; has sustained an impairment of the capacity to enjoy life, both past and future; has incurred lost wages and loss of earning capacity in the past, and will continue to do so in the future; and due to the nature and extent of his permanent condition, has suffered in the past and will suffer in the future humiliation and embarrassment; and Mr. Fakourey has in the

past suffered annoyance, aggravation, mental anguish and will continue to do so in the future, and therefore seeks all damages allowed by law.

### Count VI - Loss of Consortium

59. The Plaintiffs reallege paragraphs 1 through 58 above, as though fully set forth herein, and further allege as follows:

60. As a further direct and proximate result of the deliberate intent, negligence and carelessness of the Defendants, Plaintiff Brittany Fakourey was deprived of the consortium, society, and comfort of her husband, both temporarily and permanently and the foreseeable future; and has suffered and will continue to suffer mental anguish, anxiety and discomfort.

### Count VII – Punitive Damages as to All Defendants

61. The Plaintiffs reallege paragraphs 1 through 60 above, as though fully set forth herein, and further allege as follows:

62. As a direct and proximate result of the willful, wanton, intentional acts, reckless and/or the willful, wanton, intentional acts, reckless and/or the willful, wanton, intentional and reckless failures to act by Defendants, the Plaintiffs suffered the aforesaid damages and, as such, Plaintiffs demand that punitive damages be awarded against the Defendants.

**WHEREFORE**, the Plaintiffs, Kolby M. Fakourey and Brittany Fakourey, hereby prays for judgment against Defendants Hybrid Drilling, Inc., SWN Production Company, LLC, Southwestern Energy Company, and Wayne's Wire Rope, LLC in such amounts as will adequately compensate them for their injuries as set forth herein, together with costs, attorney fees and interest, and such other further relief as this Court and/or jury may deem proper. The minimum jurisdictional amount for filing this action has been satisfied.

**THE PLAINTIFFS FURTHER DEMAND A TRIAL BY JURY.**

              **KOLBY M FAKOUREY, and his wife,**
              **BRITTANY FAKOUREY,**

              **By Counsel,**

/s/ Robert V. Berthold, III
Robert V. Berthold Jr., Esq. (WVSB #326)
Robert V. Berthold III, Esq. (WVSB # 11065)
Berthold Law Firm, PLLC
P.O. Box 3508
Charleston, WV 25335
rvb@bertholdlaw.com
rvb3@bertholdlaw.com
(304) 345-5700 - Office
(304) 345-5703 – Fax